```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-22635-Civ-LENARD
                              MAGISTRATE JUDGE P. A. WHITE
KEITH KIRBY HUGGINS,        :

     Petitioner,            :

v.                          :          REPORT OF
                                   MAGISTRATE JUDGE
JOHN L. PASTRANA, Warden,   :

     Respondent.            :
_____
```

On August 24, 2009, while confined at the local Federal Correctional Institution, in Miami, Florida, the petitioner, Keith Kirby Huggins, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §§2241-43 challenging the execution of his sentence by the Bureau of Prisons. The petitioner seeks relief in the form of an Order from this court requiring that the Bureau of Prisons (BOP) consider the factors enumerated in 18 U.S.C. §3621(b), and place him in a Residential Reentry Center ("RRC") or home confinement. This Court has reviewed the petition with exhibits, and the respondent's response with supporting affidavit.

On December 22, 1999, the petitioner was sentenced to a total term of 169 months in prison, followed by three years of supervised release, in the district court for the District of the Virgin Islands following his conviction for car jacking, for using or carrying a firearm in the commission of a crime of violence, and for possession of a firearm with an obliterated serial number. (DE#8:Ex.1). His projected release date, after application of all good time credit is currently November 2, 2010. (Id.).

It should first be noted that a federal prisoner who requests habeas corpus relief under 28 U.S.C. §2241 must first exhaust his administrative remedies before seeking relief from this court.

Gonzalez v. United States, 959 F.2d 211 (11th Cir. 1992). The Federal Bureau of Prisons ("BOP") has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. See 28 C.F.R. §§542.10 *et seq.*; United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990). These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue before attempting to seek relief in federal court. United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991). Only after an inmate has pursued his administrative remedy may he seek relief in federal court. Id. "Exhaustion of administrative remedies is jurisdictional" when a petition is filed pursuant to 28 U.S.C. §2241 for release from federal prison. Gonzalez, 959 F.2d at 212; Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003).

Upon review of the petition and the government's response thereto, it does not appear that the petitioner has exhausted his available administrative remedies with respect to the claim presented in his petition. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that he exhaust available administrative procedures established by the BOP. Any subjective belief on the part of the petitioner that exhausting administrative remedies is a futile effort is insufficient to excuse him from first pursuing the relief he seeks through the appropriate administrative channels. See Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir. 1985).

Moreover, it also appears that the petitioner is relying on decisions in cases involving challenges to the BOP's 2002 and 2005 RRC's which were formerly referred to as Community Confinement Centers ("CCC"). Those policies categorically and by rule-making limited an inmate's RRC release to the lesser of ten percent of his

sentence or the last six months of his sentence. See Jones v. Astrue, 494 F.Supp.2d 1289, 1300 (N.D. Ala. 2007). These factors are not present here. The petitioner's RRC placement was determined under the Second Chance Act of 2007, signed into law on April 9, 2008. The Second Chance Act requires the BOP to consider an inmate, by individual determination, for placement in an RRC for up to 12 months, under the administrative procedures currently available to an inmate. See 28 C.F.R. §570.21.

In this case, an individual determination was made and the petitioner was considered for placement in an RRC or home confinement. (DE#8:Ex.1). The five factors set forth in 18 U.S.C. §3621(b) were considered, however, the Community Corrections Management Office later rejected the recommended RRC placement because there were no RRC's available in the Virgin Islands, where the petitioner will be released at the conclusion of his sentence. (Id.). Additionally, a recommendation for home confinement was also rejected given the nature and circumstances of the petitioner's offense(s), to-wit, a crime of violence. (Id.). Thus, the cases relied upon by the petitioner which address the futility of exhaustion are inapposite to his case. Therefore, this court lacks jurisdiction to consider the merits of this federal petition until such time as the petitioner has fully exhausted his administrative remedies.

Notwithstanding, the argument raised by the petitioner here appears to be moot as he has been considered for placement in the RRC or home confinement, but both have been rejected for the reasons previously expressed in this Report. The law is clear that the BOP has exclusive authority to designate a prisoner's place of confinement. See 18 U.S.C. §3621(b); United States v. Henderson, 526 F.2d 889, 896-97 (5th Cir. 1976); United States v. Eakman, 378 F.3d 294 (3rd Cir. 2004); United States v. Williams, 65 F.3d 301,

3

307 (2nd Cir. 1995).

To the extent the petitioner is again seeking reconsideration by the BOP for placement in a RRC or home confinement, his next program review is scheduled for November 28, 2009, at which time the unit team will again revisit the suitability and appropriateness of the petitioner's current placement. (DE#8:Ex.1).

Under the circumstances presented here, it is therefore recommended that this petition for writ of habeas corpus be dismissed without prejudice due to the petitioner's failure to exhaust his available administrative remedies. Alternatively, the court recommends that the petition be dismissed, as moot.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 19th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Keith Kirby Huggins, Pro Se
      Reg. No. 04305-094
      F.C.I.-Miami
      P.O. Box 779800
      Miami, FL 33177

      Marlene A. Fernandez-Karavetsos, AUSA
      U.S. Attorney's Office
      99 N.E. 4th Street, Third Floor
      Miami, FL 33132