```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-22635-Civ-LENARD
                              MAGISTRATE JUDGE P. A. WHITE
KEITH KIRBY HUGGINS,         :

     Petitioner,             :

v.                           :     SUPPLEMENTAL REPORT
                                   OF MAGISTRATE JUDGE
JOHN L. PASTRANA, Warden,    :

     Respondent.             :
_____
```

This Matter is before this Court on the movant's motion under Fed.R.Civ.P. 59(e) to alter and/or amend the court's judgment. (Cv-DE#16).

The movant initially filed a petition for habeas corpus pursuant to 28 U.S.C. §§2241-43, challenging the execution of his sentence by the Bureau of Prisons. The petitioner sought relief in the form of an Order from this court requiring that the Bureau of Prisons ("BOP") consider the factors enumerated in 18 U.S.C. §3621(b), and place him in a Residential Reentry Center ("RRC") in the U.S. Virgin Islands or home confinement. He claims the BOP's refusal to place him in a U.S. Virgin Islands RRC violated his right to due process of law.

A Report[1] was entered recommending that the petition, be dismissed without prejudice as the petitioner had failed to establish that the arguments contained therein were administratively exhausted. (DE#9). Alternatively, the undersigned recommended that the petition be dismissed as moot, as the BOP had

---

[1] The undersigned initial Report is made a part hereof and incorporated herein by reference and will not be repeated here. See Cv-DE#9.

considered the petitioner for RRC placement. (Id.).

The petitioner filed objections to the Report with exhibits demonstrating that he had exhausted his administrative remedies, and requesting an Order from the court releasing him to home confinement and/or an RRC in the U.S. Virgin Islands where he will be sent upon release from prison. (DE#10). On March 19, 2010, the district court entered an order adopting the report, dismissing the petition, and alternatively denying the petition as moot. (DE#15).

Meanwhile, approximately seven days later, the petitioner filed a Rule 59(e) motion seeking to alter and/or amend the foregoing judgment. (DE#16). On April 13, 2010, the district court re-referred the matter to the undersigned for further consideration of this habeas petition in light of the petitioner's Rule 59(e) motion which indicates that the arguments contained herein appear to now have been exhausted. (DE#18).

## Standard of Review

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The petitioner's motion was timely filed.

However, the Eleventh Circuit has also held that "[t]he decision to alter or ament judgment is committed to the sound discretion of the district judge." Am. Home Assurance Co. v. Glenn Estess & Assoc., 763 F.2d 1237, 1238-1239 (11th Cir. 1985), cited with approval in Lawson v. Singletary, 85 F.3d 502, 507 (11th Cir. 1996). A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and "set forth facts

or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Cover v. Wal-Mart Stores, Inc.</u>, 148 F.R.D. 294 (M.D. Fla. 1993). Generally, courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotation marks omitted); <u>Owner-Op. Indep. Drivers Ass'n v. Arctic Express</u>, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003)(citing <u>Gen. Corp. v. AIU</u>, 178 F.3d 804, 834 (6th Cir. 1999); <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994); see also <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. <u>Pennsylvania Ins. Guar. Ass'n v. Trabosh</u>, 812 F.Supp. 522 (E.D. Pa. 1992); <u>Wendy's Int'l v. Nu-Cape Construction</u>, 169 F.R.D. 680, 684-85 (M.D. Fla. 1996).

However, Rule 59(e) cannot be used to relitigate matters that already have been considered, or to proffer new arguments or evidence that the petitioner could have brought up earlier. <u>See Smith v. Mt. Pleasant Pub. Schs.</u>, 298 F.Supp.2d 636, 637 (E.D. Mich. 2003)(citing <u>Sault Ste. Marie Tribe v. Engler</u>, 146 F.3d 367, 374 (6th Cir. 1998); <u>Arthur v. King</u>, <u>supra</u>. Moreover, such a motion cannot be used to raise arguments or present evidence that could have been raised before the judgment was entered. <u>Id</u>.

Here, as evidenced by documents recently received from the BOP, which are being made a part of this record by separate court order, it now appears that the arguments at issue here have been administratively exhausted and are thus ripe for federal review. Whether the petition is no longer subject to dismissal because of

unexhaustion is of no import, as will be recalled, the arguments raised by the petitioner were addressed on the merits in the alternative. The Court reviewed the petitioner and evaluated the merits of the petitioner's arguments, finding his arguments to be moot as he had, in fact, been considered for RRC placement. Thus, it is clear that court's prior judgment should not be set aside.

<u>Discussion on the Merits of Petition</u>

Regardless, the arguments raised in the habeas petition, as well as, the objections to the Report, and in the Rule 59(e) motion are re-addressed herein. As will be recalled, procedurally, the petitioner was sentenced by the district court in the District of the U.S. Virgin Islands on December 22, 1999, to a total term of 169 months in prison, followed by three years supervised release. (DE#8:Ex.1-Affidavit Charles Hanna). His projected release date, after application of all good time credit is currently November 2, 2010. (<u>Id</u>.).

The petitioner claims he is being unconstitutionally denied RRC placement by the BOP. Alternatively, he claims the BOP refuses to consider placing him in home confinement in accordance with the SCA. He seeks relief in the form of an Order from this court requiring that the Bureau of Prisons (BOP) reconsider the factors enumerated in 18 U.S.C. §3621(b), and immediately place him either in home confinement or an RRC in the U.S. Virgin Islands.

Throughout his habeas petition and other pleadings filed in this case, the petitioner relies on decisions in cases involving challenges to the BOP's 2002 and 2005 policies regarding Residential Reentry Centers ("RRC") which were formerly referred to as Community Confinement Centers ("CCC"). (<u>See</u> Cv-DE#1). Those policies categorically and by rule-making limited an inmate's RRC

release to the lesser of ten percent of his sentence or the last six months of his sentence. See Jones v. Astrue, 494 F.Supp.2d 1289, 1300 (N.D. Ala. 2007). These factors are not present here.

In this case, the petitioner's RRC placement was determined under the Second Chance Act of 2007 ("SCA"), Pub.L. No. 110-199, Title II, §251(a), 122 Stat. 657 (2008), enacted on April 9, 2008. The SCA of 2007 altered the BOP's authority in making RRC placement decisions under 18 U.S.C. §3624(c), which now provides:

> (1) In general.-The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority.-The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.
>
> (3) Assistance.-The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during prerelease custody under this subsection.
>
> (4) No limitations.-Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

See 18 U.S.C. §3624(c)(1)-(4). The Act also amended §3624(c) to require:

> (6) Issuance of regulations.-The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90

5

>days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is-
>
>(A) conducted in a manner consistent with section 3621(b)[2] of this title;
>
>(B) determined on an individual basis; and
>
>(C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

See 18 U.S.C. §3624(c)(6).

On October 21, 2008, the BOP amended its regulations to provide for placement in an RRC for up to twelve (12) months. See 28 C.F.R. §570.21; 73 Fed.Reg. 62440, 62443 (Oct. 21, 2008). Section 570.21 now provides, in pertinent part:

>(a) Community confinement. Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.
>
>(b) Home detention. Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months.

See 28 C.F.R. §570.21.

---

[2] Under §3621(b), the BOP may designate that a prisoner be housed in a facility that it determines is "appropriate and suitable, considering," among other factors, "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence ...; and (5) any pertinent policy statement issued by the Sentencing Commission." See 18 U.S.C. § 3621(b)(1)-(5).

6

Here, the petitioner maintains that under BOP policy, he can be housed anywhere it is deemed appropriate and in accordance with 18 U.S.C. §3621(b). (DE#1:2). He requests an order from this court requiring that he be placed in a RRC and/or home confinement until expiration of his sentence. (Id.:3). He claims this is essential for his proper re-integration into society.

The BOP states that on December 9, 2008, the petitioner was considered for placement in an RRC or home confinement. (DE#8:Ex.1-Affidavit Charles Hanna-Case Manager at FCI). At that time, the unit team considered the five factors outlined in 18 U.S.C. §3621(b), and initially recommended that the petitioner be placed in an RRC. (Id.:¶4). The CCC's Management Office, however, later denied the recommended placement because there were no RRCs available in the Virgin Islands where the petitioner will be released at the conclusion of his sentence. (Id.; see also, DE#10:Ex.-Regional Administrative Appeal Decision dated June 29, 2009). The petitioner was also considered for home confinement, but after assessing the §3621 factors, the recommendation was rejected due to the nature and circumstances of the petitioner's offense of conviction, one which involved a crime of violence. (Id.:¶¶4-5). At his June 2009 review, it was determined that the local Federal Detention Center in Miami was an appropriate and suitable placement for the petitioner. (Id.).

Under the SCA, the BOP retains the discretion to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors in §3621(b). See §3624(c)(1); see also, §3621(b); Lopez v. Davis, 531 U.S. 230, 241 (2001)("Congress' use of the permissive 'may' ... contrasts with the legislatures' use of a mandatory 'shall' in the very same section. Elsewhere in §3621, Congress used 'shall' to impose discretionless obligations....");

7

Levine v. Apker, 455 F.3d 71, 80 (2nd Cir. 2006)("Congress' use of the language may designate in this provision seemingly endows the BOP with broad discretion). It is clear that the statute permits the BOP to place a prisoner where it wishes, so long as it considers the factors enumerated in §3621. Levine v. Apker, 455 F.3d at 82 (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 245 (3d Cir. 2005).

Here, the petitioner was considered for placement in the RRC. No RRC is available in the U.S. Virgin Islands. Home confinement was also considered and rejected given the petitioner's criminal history. Thus, the BOP's consideration and ultimate determination that the petitioner be housed at the local FCI should not be disturbed here.

In other words, under the Second Chance Act, unless the BOP refuses to consider the §3621(b) factors in making RRC placement decisions or refuses under any circumstance to consider an inmate for RRC placement beyond six months, the decision as to how long a particular inmate will be placed in an RRC is left to the BOP's discretion, and that decision will not be disturbed by the federal courts. As the Third Circuit has noted, even if a federal prisoner should prevail on his RRC claim, "he would be entitled only to 'an order requiring the BOP to consider-in good faith-whether or not [he] should be transferred to [an RRC]' on an individualized basis in light of the statutory factors." Moncrieffe v. Yost, No. 09-4418, 2010 U.S.App. LEXIS 4567, at *6-7 (3d Cir. Mar. 4, 2010) (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 251 (3d Cir.2005)).

The petitioner here received, under the Second Chance Act, a determination as to his RRC eligibility that was not constrained by any express or implied policy of the BOP. The petitioner has

8

offered no evidence to the contrary. He argues generally that the BOP is lying regarding the lack of RRC in the U.S. Virgin Islands. The petitioner claims family members have spoken with officials there who indicate they have never received any communication regarding the petitioner. However, the petitioner's conclusory allegations without any objective evidence, such as affidavits or other documents to support this allegation, including the identity of the individuals with whom his family members had contact, must fail. Machibroda v. United States, 368 U.S. 487 (1962). Moreover, the petitioner has not demonstrated that there does, in fact, exist an RRC in the U.S. Virgin Islands, but claims generally that the BOP has not investigated the issue.

Regardless, the determination of the petitioner's RRC eligibility is left to the discretion of the BOP, and this Court will not disturb that determination. Therefore, the petitioner's §2241 habeas petition should be denied.

The petitioner also appears to argue in the alternative that the BOP improperly considered his history of violence when making the RRC placement determination. The law is clear that the BOP has exclusive authority to designate a prisoner's place of confinement. See 18 U.S.C. §3621(b); United States v. Henderson, 526 F.2d 889, 896-97 (5th Cir. 1976); United States v. Eakman, 378 F.3d 294 (3rd Cir. 2004); United States v. Williams, 65 F.3d 301, 307 (2nd Cir. 1995). Moreover, the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors in §3621(b). See Sommerville v. Dewalt, 2009 WL 1211158, *5 (E.D.Ky. 2009); Miller v. Whitehead, 527 F.3d 752, 757-58 (8th Cir. 2008).

If the petitioner also means to argue in the alternative that

9

the Second Chance Act is an unconstitutional bill of attainder and violates equal protection, that claim likewise warrants no habeas relief. In considering these claims, we note at the outset that when another related provision of this federal law, which permitted sentence reductions for specific classes of inmates was similarly challenged as a bill of attainder and violative of equal protection principles, that challenge was flatly rejected by a district court. Stanko v. Cruz, No. 08-856, 2008 WL 4849025 (D.Minn. Nov.6, 2008) (rejecting constitutional challenges to the Bureau of Prisons residential drug abuse program).

Here, the constitutional challenges advanced by the petitioner must fail. At the outset, with respect to any allegation by the petitioner's that the Second Chance Act constitutes an unlawful bill of attainder:

> [W]hich is forbidden under Article I, § 9 of the U.S. Constitution [we note that] [s]uch a bill occurs where Congress, by a legislative act, imposes punishment against a particular person or group without trial. The rationale is that, because trial and punishment are committed to judicial process, Congress cannot usurp the judicial role by inflicting punishment directly. *See United States v. Van Horn,* 798 F.2d 1166, 1168 (8th Cir.1986). [In contrast] [w]here a person is convicted for a crime in accordance with judicial process, statutes that prescribe the punishment for the crime are not bills of attainder, as such statutes do not usurp the judicial role. *Van Horn,* 798 F.2d at 1168. And where a statute withholds a benefit or privilege, the statute does not implicate punishment and therefore cannot be a bill of attainder. *See Jensen v. Heckler*, 766 F.2d 383, 386 (8th Cir.1985).

Stanko v. Cruz, 2008 WL 4849025, *2-3.

The essence of the "Bill of Attainder Clause, [is that]

10

legislatures are forbidden to enact '[l]egislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial,' <u>United States v. Brown</u>, 381 U.S. 437, 448-49, 85 S.Ct. 1707, 14 L.Ed.2d 484, (1965)." <u>Artway v. Attorney General of State of N.J.</u>, 81 F.3d 1235, 1253 (3d. Cir. 1996). Thus, this constitutional protection has only a very limited application to administrative policies in a prison setting. In fact, the United States Court of Appeals for the Third Circuit has repeatedly acknowledged the very limited role of this constitutional provision in the prison setting and has declined invitations to extend the Bill of Attainder clause to various correctional policies and practices, finding that those policies were not designed to inflict punishment without trial on any selected class of persons. <u>Myrie v. Commissioner N.J. Dep't. Of Corrections</u>, 267 F.3d 251 (3d Cir. 2001)(inmate commissary surcharge not a bill of attainder).

These principles are fully applicable here, and are fatal to the petitioner's bill of attainder argument. The provisions of the Second Chance Act which the petitioner attacks cannot fairly be characterized as measures that single him out in a punitive fashion without a trial. Quite the contrary, these provisions are clearly rehabilitative in nature, and are intended to help inmates return to society rather than punish prisoners.

Moreover, any equal protection argument also fails. "[I]f a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relationship to some legitimate end." <u>Romer v. Evans</u>, 517 U.S. 620, 631 (1996). "In the ordinary case, a law will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage

11

of a particular group, or if the rationale for it seems tenuous." Romer, 517 U.S. at 632. Indeed, under rational basis review, legislation enjoys a presumption of validity, and the plaintiff must negate every conceivable justification for the classification in order to prove that the classification is wholly irrational. See Federal Communications Comm'n v. Beach Communications, 508 U.S. 307, 314-15 (1993).

Judged against these benchmarks, the BOP's program under the Second Chance Act "bears a rational relationship to some legitimate end," Romer v. Evans, 517 U.S. 620, 631 (1996), and, therefore, is entitled to a presumption of validity.

Thus, it is recommended that the Rule 59(e) motion be denied, and that this habeas petition remain closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 22nd day of November, 2010.

 _____
 UNITED STATES MAGISTRATE JUDGE

cc: Keith Kirby Huggins, Pro Se
    Reg. No. 04305-094
    F.C.I.-Miami
    P.O. Box 779800
    Miami, FL 33177

    Marlene A. Fernandez-Karavetsos, AUSA
    U.S. Attorney's Office
    99 N.E. 4th Street, Third Floor
    Miami, FL 33132